| ARMSTRONG, J.,
dissenting with reasons.
I respectfully dissent. I would deny the writ applications and affirm the judgment of the trial court.
The plaintiff, Ms. Poche, was first seen at Chalmette Medical Center on February 21, 1999. The next day, February 22, 1999, she was operated on by defendant Dr. Jan McClanahan. Ms. Poche was discharged from Chalmette Medical Center on February 25,1999.
The surgical wound became ipfected and Ms. Poche went to Lakeland Hospital on March 5, 1999. She underwent surgery for the infection at Lakeland Hospital on March 5 and 6, 1999. Ms. Poche was hospitalized at Lakeland Hospital until March 23, 1999 at which time she was transferred to physician’s Long Term Hospital where she remained until June, 1999.
The trial court overruled the prescription exceptions on the ground that prescription did not begin to run until Ms. *604 Poche was discharged from the hospital in June, 1999. The trial court, after conducting an evidentiary hearing, including the live testimony of Ms. Poche, found that, because Ms. Poche was hospitalized as a result of the alleged negligence of the defendants and because she was prevented by her hospitalization from filing suit, prescription did not begin to run until Ms. Poche was discharged from the hospital.
hThe trial court’s findings of fact may not be disturbed unless they are clearly wrong-manifestly erroneous. In any case, the trial court’s finding of fact, that Ms. Poche was hospitalized until June, 1999 due to the alleged negligence of the defendants and that Ms. Poche’s hospitalization prevented her from filing suit, are supported by the record.
In a case where injuries to the plaintiff caused by the alleged negligence of the defendant prevent the plaintiff from filing suit, prescription does not begin to run until the plaintiff has recovered sufficiently from the injuries so as to be able to file suit. Corsey v. State, Dept. of Corrections, 375 So.2d 1319 (La.1979). Thus, in the present case, prescription did not beign to run until June, 1999 so the filing of the medical malpractice claims were timely.
Lastly, I note that the trial court expressly did not rest its decision upon “continuous treatment” of Ms. Poche by the defendants, so I express no opinion as to whether continuous treatment prevents prescription from running.